**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOSHUA ADAMS,

    Plaintiff,

v.

EXG 138E50 LLC, 49TH STREET OWNER LLC, and ABAITA 49 EAST LLC,

    Defendants.
_____/

**CASE NO. 1:24-CV-01289-PAE-VF**

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT AND ATTORNEY'S FEES

Law Office of Jennifer E. Tucek, PC
315 Madison Avenue, Suite 3054
New York, New York 10017

*Attorney for Plaintiff*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ………………………………………….. …………….3

PRELIMINARY STATEMENT ……………………………………….............…...4

STATEMENT OF FACTS …………………………………………………………...4

ARGUMENT ……………………………………………………........................5

PLAINTIFF IS ENTITLED TO A DEFAULT JUDGMENT…………..…………….6

PLAINTIFF IS ENTITLED TO FEES AS THE PREVAILING PARTY……………….11

CONCLUSION ……………………………………………………………… 14

**TABLE OF AUTHORITIES**

**Cases**                                                                                                              **Page**

Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,
532 U.S. 598 (2001) ………………………………………………………….…5

Roberson v. Giuliani, 346 F.3d 75 (2d Cir. 2004)……...………………………….….5

Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)…………………………………..6

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,
484 F.3d 162- 63 (2d Cir. 2007)……………………………………………………6

Diaz v. Paragon Motors of Woodside, Inc.,
No. CV-03-6466 (CPS) (RML), 2007 U.S. Dist. LEXIS 73230, 2007 WL 2903920,
(E.D.N.Y. Oct. 1, 2007)……………………………………………………………….6

Restivo Guardado v. Precision Fin., Inc.,
2008 U.S. Dist. LEXIS 47881 (E.D.N.Y. March 9, 2008)……………………...…….6

Luca v. County of Nassau, 698 F. Supp. 2d 296, 301 (E.D.N.Y. 2010)……..……...6

Gutman v. Klein, 2009 U.S. Dist. LEXIS 123057……………………………..….6

Morganstern v. County of Nassau, 2009 U.S. Dist. LEXIS 116602……………....….6

Monge v. Coogan River Associates / 11-cv-4795 (KBF) (S.D.N.Y. 2013)……….….7

Gagne v. Maher, 594 F.2d 336, 344 (2d Cir. 1979)…………………………….........8

Glass v. Pfeffer, 849 F.2d 1261, 1266 n. 3 (10th Cir. 1988)……………....….……8


**Statutes**                                                                                                           **Page**

42 U.S.C. §12205……………………………………………………………..……………4, 5

42 U.S.C. § 12181 …………………………………………………………..……………4

28 C.F.R. Part 36 ………………………………………………………..……………..4

**PRELIMINARY STATEMENT**

Plaintiff, Joshua Adams ("Plaintiff"), respectfully submits this Memorandum of Law in support of his Motion for a Default Judgment pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, and his Motion for Attorney's Fees pursuant to 42 U.S.C. §12205.

Plaintiff brought this action against the owners and operators of Abaita Kosher Italian, a restaurant located at 145 E 49th St, New York, NY 10017 (the "Facility"), pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA") and the ADA Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG). Plaintiff, who is a paraplegic and ambulates in a wheelchair, alleges that he visited the Facility and encountered several barriers to access, specifically described in the Complaint at Paragraph 16 (DE 1).

Plaintiff has cited to the specific ADA regulations requiring compliance and is entitled to an injunction requiring Defendants to correct each of the non-compliant aspects of the Facility. However, given Defendants' default, Plaintiff believes it necessary to be practical. *The more practical (and fair) way of enforcing ADA compliance is to require Defendants to submit a construction plan within a reasonable time that will correct the non-compliant features of the restaurant.*

The undesigned reserves the right to submit a complete bill for legal services incurred in this action including any hours expended preparing for any default hearing, and any other proceedings relating to compliance with the injunction.

**STATEMENT OF FACTS**

Plaintiff's Complaint seeks injunctive relief, attorney's fees, and litigation costs pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and the ADA Accessibilities Guidelines ("ADAAG"), 28 C.F.R. Part 36 (DE 1). Plaintiff, a resident of Brooklyn, NY, suffers from spina bifida, Hydrocephalus, and is required to ambulate in a wheelchair (*Id* at Paragraph 3).

Plaintiff alleges that he visited the Facility in July of 2023 and December 20, 2023 to enjoy the goods and services offered therein and encountered several barriers to access, including an inaccessible entrance and inaccessible seating (*Id* at Paragraphs 4, 9, 13, and 16). Plaintiff further alleges that he intended to return to the Facility in the Spring or Summer of 2024 to enjoy the goods and services offered therein (*Id* at Paragraph 14), but his access continues to be denied and/or substantially limited due to the barriers that still exist at the Facility (*Id* at Paragraph 14).

Defendants, EXG 138E50 LLC and 49th Street Owner LLC, are the owners and/or lessors of the real property where the Facility was located. Defendants, EXG 138E50 LLC and 49th Street Owner LLC were served on April 2, 2024. Defendant, Abaita 49 East LLC, is the lessee and operator of the restaurant and was also served on April 2, 2024. Clerk's Certificates of Default were entered on July 22, 2024 (DE 25, 26, 27). None of the Defendants have appeared in this matter, nor have they contacted Plaintiff to discuss the matter, despite Plaintiff's multiple attempts.

# ARGUMENT

## POINT I

### PLAINTIFF IS ENTITLED TO A DEFAULT IN THIS MATTER

1. Defendants Have Defaulted

Defendants have defaulted and the Clerk has entered their default pursuant to Federal Rule of Civil Procedure 55(a). This means that the factual allegations in the Complaint relating to liability are deemed true. *See Greyhound Exhibit Group, Inc. v. E.L.U.L Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Montcalm Publ'g Corp. v. Ryan,* 807 F. Supp. 975, 977 (S.D.N.Y. 1992).

2. Plaintiff's Complaint States a Valid Claim for Relief

Although the Defendants have defaulted, the Complaint still must state a valid claim for relief for Plaintiff to proceed to default judgment, *LaBarbera v. ASTC Labs., Inc.,* 752 F. Supp 2d 263, 270 (E.D.N.Y 2010). However, with Defendants having chosen to default, any doubt as to the validity of the Complaint should be resolved in favor of Plaintiff. The Court should not act as Defendants' attorney when Defendants choose not to retain one. *See Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 120 (2d Cir. 2015) (Korman, D.J., concurring in part and dissenting in part) (observing that a court should not act as a defaulting party's lawyer and that "the magistrate in the case essentially took it upon himself to act as counsel for parties who had not bothered themselves to appear in court."); *Allstate Insurance Co, v. Tapper,* 2015 14-cv-5410, 2015 WL 6869702, at 2-3 (E.D.N.Y. Nov. 9, 2015) ("[it] is inappropriate, and indeed unseemly, for a court to act as the lawyer for a defendant that has chosen to default.").

3. <u>Granting a Default Judgment is Fair Under the Circumstances and Considering the Judgment Sought</u>

Congress has mandated access for the disabled on a sliding scale depending on when a building was constructed or improved, *See Taylor v. 312 Grand St.* No. 15-cv-5410, 2016 WL 112027 (E.D.N.Y. March 22, 2016) (Cogan J.). The burden on small businesses is ameliorated to some degree by the requirement that plaintiff demonstrate that the correction can be made at a reasonable cost, *see* 42 U.S.C. §§ 12181 (9), 12812(b)(2)(A); 28 C.F.R § 36.104, but if that is not sufficient, it is not for this Court to second guess Congress. And if Defendants choose to default, they abandon any defense that the compliance Plaintiff seeks is economically unreasonable.

If in a particular case, a plaintiff has no genuine desire to use the premises, a defendant can demonstrate that the plaintiff lacks standing under the ADA. A defendant, however, abandons this argument when it chooses to default, *see Cankat v. 41st Avenue Resr. Corp.*, No. 15-cv-4963, 2016 WL 7217638 (E.D.N.Y. December 12, 2016) (Johnson, J). (There seemed to be good reason to question whether plaintiff had any intention of using the facility based on plaintiff's testimony at the inquest of damages, but because the defendant chose not to appear, there was no basis to avoid granting relief).

Plaintiff has cited to the specific ADA regulations requiring compliance and is entitled to an injunction requiring Defendants to correct each of the non-compliant aspects of the Facility. However, given Defendants' default, Plaintiff believes it necessary to be practical. The more practical (and fair) way of enforcing ADA compliance is to require Defendants to submit a construction plan within a reasonable time that will correct the non-compliant features of the restaurant.

4. Plaintiff has Established Standing

To establish standing in the context of the ADA, a plaintiff must demonstrate: "1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [property] to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.,* 731 F.3d 184, 187 (2d Cir. 2013).

As recognized by the court in *Kreisler*, to satisfy the constitutional requirements of standing, "the injury in fact, . . . must be (a) concrete and particularized, and (b) actual or imminent." *Id*. When a plaintiff seeks injunctive relief, the plaintiff must also demonstrate "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Grella v. Avis Budget Group, Inc.,* No. 14-CV-8273 (CM), 2016 U.S. Dist. LEXIS 19248, 2016 WL 638748, at *4 (S.D.N.Y. Feb. 11, 2016) (quoting *Shaywitz v. Am. Bd. Of Psych. and Neurology*, 675 F.Supp.2d 376, 382 (S.D.N.Y. 2009) (emphasis in original)). A plaintiff complaining of injuries caused by alleged violations of the ADA "must still establish that such injuries were both concrete and particular to the plaintiff, and, must do so with sufficient specificity." *Feltzin v. 183 S. Wellwood Ave Corp.,* No. 16-cv-5387 (ADS)(GRB), 2017 U.S. Dist. LEXIS 181273, 2017 WL 6994213, at *2 (E.D.N.Y. Oct. 25, 2017) (citing *Lujan v. Defenders of Wildlife,* 504 U. S. 555, 560-561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)); *see Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016) ("Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be 'concrete.'"). "[T]he injury in fact that forms the basis for Plaintiff's standing has two parts: (1) the direct injury from personally encountering disability-based discrimination at

Defendant's property, and (2) deterrence from using Defendant's property because it is not ADA compliant." *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 173 (S.D.N.Y. 2006).

Plaintiff has established standing under the above cases and more recent Second Circuit decisions requiring more specificity in pleading with respect to past and future visits to the Facility. *See Calcano v. Swarovski N. Am. Ltd*., 36 F.4th 68, 75-78 (2d Cir. 2022); *Harty v. W. Point Realty, Inc.,* 28 F.4th 435, 443 (2d Cir. 2022). Plaintiff has clearly satisfied the requirements to establish standing by alleging a concrete, particularized and imminent injury in fact, as clearly stated in the Complaint at Paragraphs 4, 13 and 14.

5. Plaintiff Otherwise States a Claim Under the ADA

To state a claim for a violation of Title III, a plaintiff must demonstrate that (1) he is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that defendant discriminated against him by denying him full and equal opportunity to enjoy the services defendants provide. *See Camarillo v. Carrols Corp*., 518 F.3d 153, 156 (2d Cir. 2008); *Maccharulo v. New York State Dept. of Correctional Services*, 2010 WL 2899751, *3 (S.D.N.Y. July 21, 2010); *see also Roberts v. Royal Atlantic Corp*., 542 F.3d 363, 368 (2d Cir. 2008) (construing the third element to require a plaintiff to demonstrate that defendants discriminated against the plaintiff "within the meaning of the ADA.").

In sum, upon visiting the restaurant to enjoy the food and ambience, Plaintiff alleges that the benefits and services provided to other guests were not available to him. Plaintiff further alleges that he will visit Defendants' restaurant again, hopefully after the Defendant is compliant with the laws and regulations, to enjoy the food and ambience with friends and family for holidays and special occasions. Given that a court must accept all factual allegations in the Complaint as true,

*Faber,* 648 F. 3d at 104, Plaintiff's allegations are more than sufficient to state a claim under the ADA.

Considering the well-pleaded allegations in the Complaint, the Court should conclude that Plaintiff is entitled to a default judgment and Plaintiff respectfully requests that the Court enter a Final Judgment and injunction requiring Defendants to submit to Plaintiff a plan for the correction of each of the non-compliant architectural barriers addressed in the Complaint within 60 days.

6. <u>Plaintiff is Entitled to his Legal Fees and Costs</u>

To recover attorney's fees under 42 U.S. C. § 12205, a plaintiff must be a prevailing party. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598 (2001). To be a "prevailing party" under *Buckhannon*, *Id.,* a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned. *Roberson v. Giuliani*, 346 F.3d 75 (2d Cir.2004). Plaintiff is deemed the prevailing party by way of a Default Judgment against the Defendants, and is entitled to reasonable attorney's fees, litigation costs and expenses.

Plaintiff reserves his right to move for fees at a later date. Plaintiff will move for attorney's fees as provided in the ADA within the time allowed under Federal Rule of Civil Procedure 54, or await further proceedings related to compliance with the injunction.

## **CONCLUSION**

Plaintiff respectfully requests that the Court enter a Final Judgment and Injunction requiring Defendants to submit to Plaintiff a plan for the correction of *each and every* of the non-compliant architectural barriers addressed in the Complaint at ¶16 (DE 1) within 60 days.

The undesigned reserves the right to submit a complete bill for legal services incurred in this action including any hours expended preparing for any default hearing, and any other proceedings relating to compliance with the injunction.

Respectfully Submitted,                                                          September 6, 2024

/s/ Jennifer E. Tucek
Law Office of Jennifer E. Tucek, P.C.
Bar No: JT 2817
315 Madison Avenue, Suite 3054
New York, New York 10017
(917) 669-6991
*Attorney for the Plaintiff*

11